UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN MICHELE MATUSCAK,                    Case No. 22-12621

      Plaintiff,                          F. Kay Behm
v.                                        United States District Judge

ARGENTINE TWP POLICE
DEPARTMENT, *et al.*,

      Defendants.
_____ /

## <u>OPINION AND ORDER ON MOTIONS TO DISMISS (ECF Nos. 24, 26, 27)</u>

## I.    PROCEDURAL HISTORY

Plaintiff, Dawn Michele Matuscak, filed a civil rights complaint on

November 1, 2022.  (ECF No. 1).  She amended her complaint as of right on

February 14, 2023.  (ECF No. 4).  Defendants filed motions to dismiss the First

Amended Complaint.  (ECF Nos. 16, 18, 20).  The court allowed Matuscak the

opportunity to amend her complaint to address the arguments raised by

Defendants and she did so, rendering those motions to dismiss moot.  (ECF Nos.

21, 22, 23).  Defendants renewed their motions to dismiss the Second Amended

Complaint (SAC).  (ECF Nos. 24, 26, 27).  Those motions are fully briefed.  (ECF

Nos. 34, 36, 36, 37, 38, 39).  The court held a hearing on June 14, 2023 via video

teleconference.  This matter is now ready for decision.

1

For the reasons set forth below, the court **GRANTS** the Genesee County Sheriff's Department's motion to dismiss, **GRANTS** the Argentine Township Police Department's motion to dismiss, and **DENIES** Defendant Wilburn's motion to dismiss.

## II.    THE SECOND AMENDED COMPLAINT

On May 5, 2022, Matuscak was at home with her friend, Steven Franklin, having breakfast.  (ECF No. 22, PageID.124, ¶ 3).  Argentine Township Police Officer Carlson knocked on the front door, responding to an alleged complaint made by Matuscak's estranged daughter, Caitlyn, and her friend, Taylor Longworth, who accused Matuscak of stealing her mail.  *Id*.  According to the SAC, Matuscak's estranged husband advised Caitlyn and Taylor to make this false report of mail theft, in order to strengthen his divorce case against her.  *Id*. at ¶ 4.  Matuscak told Carlson that she was not speaking to her daughter and did not have her or Taylor's mail.  She also stated that her daughter's father, who had broken into her home several days earlier, took the mail.  *Id*. at ¶ 5.  While speaking with Carlson, Matuscak noticed her daughter was waiting out by Carlson's police vehicle.  (ECF No. 22, Page ID 125, ¶ 6).  Then, "Officer Carlson without provocation and without a warrant or any other order from a court forcefully crashed [through] the Plaintiff's front door shoving her into her home

and physically assaulting the Plaintiff while yelling and screaming at her to submit to arrest." *Id*. at ¶ 7.  The SAC also asserts that "[t]he entire wrongful arrest were (SIC) recorded by the Plaintiff's friend Steven Franklin on his mobile phone and is available for review." *Id*. at ¶ 8.

Allegedly, when Matuscak did not agree to be handcuffed by Officer Carlson, he tackled her to the floor, pulling her arms behind her back. *Id*. at ¶ 9. Matuscak claims Mr. Franklin can be heard on the video demanding that she be permitted to get dressed or tie her "lingerie," as she was not wearing any clothes underneath her robe. *Id*. at ¶ 10.  The SAC alleges that as Matuscak rose from the floor, Carlson again "forcefully threw the Plaintiff to the floor," jumping on her and pinning her down while putting handcuffs on her. *Id*.  Matuscak claims this arrest was a violation of her 4th Amendment rights. *Id*. at PageID.125-126, ¶¶ 10-11.

Matuscak alleges that Officer Carlson was on notice that she was semi-nude and wearing no underwear.  (ECF No. 22, Page ID.126, ¶ 13).  According to the SAC, even after she was handcuffed, she was still not permitted to get fully dressed. *Id*. at PageID.127, ¶ 14.  The SAC suggests Matuscak was paraded by Carlson in front of her daughter and several of her neighbors came out and

viewed the scene.  *Id*. at ¶ 15.  While being walked to Carlson's police car,

Matuscak noticed City of Linden Police Officer Andrew Wilburn was present.  *Id*.

at ¶ 16.  Matuscak alleges that Wilburn would have been able to hear her

screaming and had a duty to inquire if Matuscak was a victim, but he failed to

intervene.  *Id*.  According to the SAC, he failed to intervene because Wilburn used

to work with Carlson at Argentine Township before working at the City of Linden

and they went to school together.  *Id*. at PageID.127-128, ¶¶ 16, 17.  Matuscak

alleges that Wilburn knew that Carlson's actions violated her rights, and he should

have intervened.  *Id*.

     Matuscak was then transported to Genesee County Jail in the back of

Officer Carlson's marked police vehicle, with her breasts and genitals exposed.

(ECF No. 22, PageID.128, ¶ 18).  Matuscak alleges that Carlson and Wilburn had a

duty to provide her the opportunity to obtain clothes, or at least assist her in

tying her lingerie.  *Id*. at ¶ 19.  She states both officers "violated their respective

duties so that they could see her semi-nude body despite knowing that

she was humiliated." *Id*.

     On arriving at the Genesee County Jail, Matuscak requested jail personnel

allow her to change clothes or tie her robe, but they refused.  (ECF No. 22,

PageID.129, ¶ 20).  Genesee County Sheriff Corrections personnel pulled her out of the back of the police car and walked her into the jail "so that everyone there could see her semi-nude body." *Id*. at ¶ 21.  Matuscak claims that parading her in this fashion in front of other inmates and failing to permit her to change clothes "was a violation of jail policy which is to protect inmates' rights and was a violation of the policy to admit inmates appropriately and provide a 'Constitutional, Secure and Humane Environment.'"  *Id*. at 22.  She alleges this was a violation of her 4th Amendment rights and the policies and procedures of the Genesee County Sheriff's Department, in violation of her civil rights under 42 U.S.C. §§ 1983 and 1986.  *Id*.

Matuscak also alleges that jail personnel conducted a strip search in front of other inmates and staff, which was extremely humiliating and was done in violation of Sheriff's Department policies and procedures.  (ECF No. 22, PageID.129, ¶ 23).  After her physical examination, Matuscak was allowed to change into jail clothes.  *Id.* at PageID.130 ¶ 24.

Matuscak then remained at Genesee County Jail for three days without being charged.  She was not permitted to contact an attorney, make a phone call, or interview anyone to determine why she was there.  (ECF No. 22, PageID.130, ¶ 25).  She argues that these actions by the Genesee County Sheriff's Department

5

Corrections Division was a violation of her 4th Amendment rights.  *Id*.  Ultimately,

Matuscak was released from Genesee County Jail, wearing only a pair of "old dirty

jail pajama bottoms and the loose lingerie she was wearing at the time of her

assault and wrongful arrest."  *Id*. at ¶¶ 27-28.  According to the SAC, after her

arrest, the City of Argentine issued her a misdemeanor ticket for mail theft and

resisting arrest, yet the ticket was dismissed at the first pretrial because the "case

was baseless."  *Id*. at ¶ 26.

### III.   ANALYSIS

#### A.   Standard of Review

In deciding a motion to dismiss under Rule 12(b)(6), the court "must

construe the complaint in the light most favorable to the [nonmoving party] ...

[and] accept all well-pled factual allegations as true*."  League of United Latin Am.*

*Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *see also Yuhasz v. Brush*

*Wellman, Inc*., 341 F.3d 559, 562 (6th Cir. 2003).  The complaint must provide "'a

short and plain statement of the claim showing that the pleader is entitled to

relief,' in order to 'give the defendant fair notice of what the ... claim is and the

grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545

(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Moreover, the

complaint must "contain[ ] sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief, such as "when an affirmative defense ... appears on its face." *Jones v. Bock*, 549 U.S. 199, 215 (2007) (quotation marks omitted).  A claim has "facial plausibility" when the nonmoving party pleads facts that "allow[ ] the court to draw the reasonable inference that the [moving party] is liable for the misconduct alleged." *Id*. at 678. However, a claim does not have "facial plausibility" when the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679.  The factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens*, 500 F.3d at 527.  Showing entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

In evaluating the allegations in the Complaint, the court must be mindful of its limited task when presented with a motion to dismiss under Rule 12(b)(6).  At

the motion-to-dismiss stage, the court does not consider whether the factual allegations are probably true; instead a court must accept the factual allegations as true, even when skeptical.  *See Twombly*, 550 U.S. at 555 (a court must proceed "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)"); *id*. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable"); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations").  Indeed, in assessing the sufficiency of a complaint, the court must determine only whether "'the claimant is entitled to offer evidence to support the claims,' not whether the plaintiff can ultimately prove the facts alleged."  *See United States v. SouthEast Eye Specialists, PLLC*, 570 F. Supp. 3d 561, 574 (M.D. Tenn. 2021) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)).

   B.   Genesee County Sheriff's Department (ECF No. 24)

   The Genesee County Sheriff's Department makes two arguments in support of its motion to dismiss the complaint.  First, it argues that it is not an entity amenable to suit under 42 U.S.C. § 1983 and § 1986.  Second, it argues that, in any event, Matuscak's § 1983 *Monell* claim and the § 1986 conspiracy claim both fail to state a claim on which relief may be granted.  Matuscak concedes in her

response that the Sheriff's Department is not a proper entity to be sued.

Matuscak further requests, however, that she be allowed to amend her complaint

a third time to add the Jane and John Doe Sheriff's Department employees who

refused her request to change clothes or tie her robe and walked her through the

jail lockup area while she was semi-nude in front of other inmates and examined

her semi-nude body for contraband in the booking area.  (ECF No. 22, ¶¶ 20-23).

She also alleges that Sheriff's Department employees held her for three days

without any charges, and never allowed her to make a phone call or contact an

attorney.  *Id*. at ¶ 25.  Additionally, Matuscak seeks to add Genesee County as a

defendant.  In reply, Defendant argues that Matuscak should not be permitted to

amend her complaint again because the amendments would be futile.

    The court agrees with the parties that the Sheriff's Department is not a

proper defendant and must be dismissed from this action.  *See Rhodes v.*

*McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (Sheriff's departments in Michigan

are not legal entities amenable to suit under § 1983); *Watson v. Gill*, 40 F. App'x

88 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)

County jails are not legal entities amenable to suit.)).  The futility of Matuscak's

claims against the individual Does and the County is less clear.  As one court

observed, caselaw provides "1) that an occupant [of the premises being searched]

9

may only be kept naked so long as necessary to secure a room or otherwise

ensure officer safety, and (2) that prolonged forced nakedness is a violation of

clearly established rights." *Hutchinson v. West Virginia State Police*, 731

F.Supp.2d 521, 540-541 (S.D. W. Va. 2010) (citing *Bancroft v. City of Mount

Vernon*, 672 F.Supp.2d 391 (S.D.N.Y. 2009)); *Luster v. Ledbetter*, 647 F.Supp.2d

1303 (M.D. Ala. 2009); *Hunt v. Hunter*, 2008 WL 2036703 (E.D. Tex. May 8, 2008);

*Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991)).  Presumably, any policy or custom

practiced by jail personnel that violated this right might also prove

unconstitutional.

  However, the court cannot determine the futility of any proposed amended

complaint without Matuscak filing such a motion and submitting a proposed

amended complaint for Defendants and the court to consider, in accordance with

the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of

Michigan.  This would further allow full briefing on the matter, which is necessary

for the court to make an informed decision.  *See e.g.*, *EQMD, Inc. v. Farm Bureau

Gen. Ins. Co. of Michigan*, No. 19-13698, 2022 WL 992948, at *4 (E.D. Mich. Mar.

31, 2022) ("[A] bare request in an opposition to a motion to dismiss—without any

indication of the particular grounds on which amendment is sought … does not

constitute a motion within the contemplation of rule 15(a).") (quoting *La. Sch.*

*Employees' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) (Trial

court properly denied informal request for leave to amend contained in

opposition to motion to dismiss).[1]

     Accordingly, Genesee County Sheriff's Department's motion to dismiss is

**GRANTED**, without prejudice to Plaintiff's right to file a proper motion for leave to

amend the complaint.

     C.     <u>Linden Police Department and Andrew Wilburn (ECF No. 26)</u>

     Wilburn contends that he is entitled to qualified immunity. Qualified

immunity protects governmental officials from suit as long "as their conduct does

not violate clearly established statutory or constitutional rights of which a

reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818

(1982). The ultimate question is "whether a reasonable [official] could have

believed [the challenged action] to be lawful, in light of clearly established law

---

[1] As observed in *EQMD*, this view finds support in the Federal Rules of Civil Procedure and the Local Rules and Policies of the Eastern District of Michigan:

> This view is supported by the federal and local rules governing this court. See Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); E.D. Mich. LR 15.1 ("A party who moves to amend a pleading shall attach the proposed pleading to the motion."); E.D. Mich. LR-APP. ECF R 5(f) ("A complaint must not be combined with a motion for preliminary relief and a response or reply to a motion must not be combined with a counter-motion. Papers filed in violation of this rule will be stricken.").

*EQMD*, at *4.

and the information [he] possessed." *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). A qualified immunity analysis requires a two-pronged inquiry. The first prong addresses whether the facts, "when taken in the light most favorable to the party asserting the injury, show the [defendant's] conduct violated a constitutional right." *Mullins v. Cyranek*, 805 F.3d 760, 765 (6th Cir. 2015). The second prong asks whether the right was "clearly established such 'that a reasonable official would understand that what he is doing violates that right.'" *Id*. (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)).

The Sixth Circuit recently emphasized that while a plaintiff ultimately bears the burden of showing that a defendant is not entitled to qualified immunity, "that burden is <u>not high</u> at the 12(b)(6) stage: Reading the complaint in the light most favorable to the plaintiff, it need only be <u>plausible</u> that an official's acts violated a clearly established constitutional right." *MacIntosh v. Clous*, No. 22-1015, --- F.4th ---; 2023 WL 3735409, at *3 (6th Cir. May 31, 2023) (emphasis added) (citing *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016) (internal quotation marks and citation omitted)). The court further indicated that while qualified immunity is available at the motion to dismiss stage, "it is generally inappropriate ... to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity." *Id.* (quoting *Anders v. Cuevas*, 984 F.3d 1166, 1175 (6th Cir.

12

2021) (citation omitted)).  Indeed, the court explained, "an officer's entitlement to qualified immunity is a threshold question to be resolved at the earliest point, but that point is usually summary judgment and not dismissal under Rule 12." *Id*. (citations and internal quotation marks omitted).  This is so because the development of the factual record is "frequently necessary to decide whether the official's actions violated clearly established law."  *Id*. (citation omitted).

Challenging the first prong of the qualified immunity test, Defendants argue that the claims against Wilburn should be dismissed because of his "minimal" involvement.  Defendants point out that, at most, the SAC only suggests that Wilburn was present outside her home when she was allegedly wrongfully arrested, which they maintain falls short of plausibly stating the violations Matuscak claims.  In her response, Matuscak makes clear that the only claim she asserts against Wilburn is based on his alleged failure to intervene when he saw her "being paraded [partially naked] in front of her home and neighbors as she was led to Officer Carlson's marked police vehicle."  (ECF No. 35, PageID.278).  As discussed above, case law provides that prolonged forced nakedness is a violation of clearly established constitutional rights.  And, while Defendants argue that Wilburn's involvement was "minimal," that is not the applicable standard. Rather, to hold a defendant liable in his individual capacity under § 1983, a

plaintiff must show that the named defendant was personally involved in the alleged constitutional deprivation.  *Mhoon v. Metropolitan Government of Nashville & Davidson Co., Tenn*., 2016 WL 6250379, *3 (M.D. Tenn. 2016) (citing *Heyerman v. Cnty. Of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior.")).  As the court observed in *Bruce v. Smith*, 2014 WL 3928294, *5 (S.D. Ohio 2014), "personal involvement does not necessarily mean direct involvement; an official can be liable for encouraging another to commit an unconstitutional act or failing to intervene after personally observing another violating an individual's constitutional rights." *Id*. (citing *Belamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (recognizing that a supervisor can be liable for the acts of his employees if he encouraged or otherwise participated in the specific incident of misconduct)); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997) (noting that an official could be liable for failing to intervene if he observed or had reason to know that excessive force was being used by another officer)).  Here, Matuscak's theory against Wilburn is that he failed to intervene after he personally observed her clearly established constitutional rights being violated. Accordingly, Wilburn's purported "minimal" involvement does not provide a basis to dismiss the claim based on Matuscak's alleged forced prolonged nudity.

14

Defendants next argue that because Matsuscak was not kept in a state of "complete nudity," she has not stated a claim. This argument is without merit for two reasons. First, the SAC suggests that Matuscak's breasts and genitals were exposed, despite her robe and thus, her lack of "complete nudity" in the circumstances alleged in the complaint, would be the exception that swallowed the rule. Further, Defendants do not cite a case suggesting that forced prolonged partial nudity meets constitutional muster.

To the extent Defendants suggest that Matuscak failed to allege that she was forced into a state of nudity for longer than necessary, the SAC belies that argument. According to the SAC, her state of nudity was never addressed at any point during the search, after the search, or while she was taken to the police car. Thus, viewing the allegations in the light most favorable to Matuscak, no one present on the scene, including Wilburn, addressed her state of nudity at any point, which suggests that she has plausibly alleged that she remained nude for "longer than necessary." And, contrary to Defendants' claim that Matuscak must offer "proof" at this stage of proceedings, she need only allege a plausible claim that Wilburn violated her clearly established rights. *See MacIntosh*, *supra*. She has done so. Accordingly, Wilburn's motion to dismiss the SAC is **DENIED**.

Matuscak failed to identify the City of Linden as a defendant in her latest complaint and now seeks to add it and assert a *Monell* claim against the City. Defendants contend that despite the liberal amendment policies set forth in Federal Rule of Civil Procedure 15, Matuscak should not be permitted to amend because she failed to cure deficiencies previously identified and her proposed amendments would be futile. Again, the court is not inclined to decide the merits or propriety of any further amendment to the complaint in the context of this motion to dismiss. Instead, Matuscak is required to file an independent motion for leave to amend the complaint, so the merits of this issue can be fully briefed, and a proposed amended complaint evaluated. Given that the City of Linden is not currently named as a defendant, the court cannot decide the merits of any motion to dismiss and will not attempt to anticipate any claims Matuscak may seek to add against the City.

      D.    <u>Argentine Township Police Department</u>

Like the Genesee County Sheriff's Department, the Argentine Township Police Department argues that it is not an entity amenable to suit under 42 U.S.C. § 1983 and § 1986. Matuscak concedes in her response that the Police Department is not a proper entity to be sued but asks for permission to add Argentine Township as a defendant in this case. In reply, Defendant makes

16

arguments similar to those of the other defendants that Matuscak has already had the opportunity to amend to add proper *Monell* allegations and failed to do so, and that, in any event, such a claim is futile.  Again, the court is not inclined to decide the merits or propriety of any further amendment to the complaint in the context of this motion to dismiss.  Instead, Matuscak is required to file an independent motion for leave to amend the complaint, so the merits of this issue can be fully briefed.

Therefore, the court **GRANTS** Argentine Township Police Department's motion to dismiss.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the Genesee County Sheriff's Department's motion to dismiss, **GRANTS** the Argentine Township Police Department's motion to dismiss, and **DENIES** Defendant Wilburn's motion to dismiss.  **Plaintiff may file a proper motion for leave to amend the complaint within 14 days of entry of this Order**.

**SO ORDERED**.

Date: June 21, 2023            s/F. Kay Behm
                              F. Kay Behm
                              United States District Judge