UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN MICHELE MATUSCAK,　　　　　　　　Case No. 22-12621

　　　Plaintiff,　　　　　　　　　　　　　　　F. Kay Behm
v.　　　　　　　　　　　　　　　　　　　　United States District Judge

ARGENTINE TWP POLICE
DEPARTMENT, *et al.*,

　　　Defendants.
_____/

### OPINION AND ORDER ON MOTION TO AMEND COMPLAINT (ECF No. 44)

I.　　PROCEDURAL HISTORY

Plaintiff, Dawn Michele Matuscak, filed a civil rights complaint on November 1, 2022. (ECF No. 1). She amended her complaint as of right on February 14, 2023. (ECF No. 4). Defendants filed motions to dismiss the First Amended Complaint. (ECF Nos. 16, 18, 20). The court allowed Matuscak the opportunity to amend her complaint to address the arguments raised by Defendants and she did so, rendering those motions to dismiss moot. (ECF Nos. 21, 22, 23). Defendants renewed their motions to dismiss the Second Amended Complaint (SAC), which the court granted in part and denied in part. (ECF No. 41). The court also allowed Matuscak to file another motion for leave to amend the complaint. (ECF No. 44). More specifically, the court allowed Matuscak to file a

1

motion for leave to amend to sue Genesee County, instead of Genesee County Sheriff's Department in order to pursue a *Monell* claim (ECF No. 41, PageID.337); to pursue leave to amend to add a *Monell* claim against the City of Linden (*id.* at PageID.343); and to add Argentine Twp in order to pursue a *Monell* claim against it.[1]  That matter is fully briefed, and the court has determined that oral argument is not necessary under E.D. Mich. L.R. 7.1.  (ECF Nos. 45, 46, 48).

As explained more fully below, the court **GRANTS** in part and **DENIES** in part the motion for leave to amend the complaint.

### III.    ANALYSIS

#### A.    Standard of Review

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Generally, Rule 15(a)(2) embodies a "liberal amendment policy."  *Brown v. Chapman*, 814 F.3d 436, 442-43 (6th Cir. 2010).  However, leave to amend may be denied when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of

---

[1] Matuscak's proposed amended complaint does not seek to pursue any claim against Genesee County.

2

amendment, etc." *Id.* at 443. A proposed amendment is considered futile if "the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Additionally, when a plaintiff moves to amend their complaint after the relevant deadlines in the case management order have passed, they must demonstrate "good cause" for failure to seek leave earlier, pursuant to Fed. R. Civ. P. 16(b)(4). *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003). In considering whether a plaintiff has shown good cause, the court must consider "the moving party's diligence in attempting to meet the case management order's requirements" as well as whether the defendant will suffer prejudice as a result of the proposed amendment. *Tripp v. United States*, No. 21-12859, 2023 WL 3441724, at *2 (E.D. Mich. Apr. 5, 2023) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002); *Davidson v. Arlington Cmty. Sch. Bd. of Educ.*, 847 F. App'x 304, 311-12 (6th Cir. 2021)).

    B.    <u>The Proposed Amended Complaint</u>

        1.    *Andrew Wilburn*

Defendants argue that the proposed Third Amended Complaint (TAC) is futile as to Defendant Wilburn. However, the court already determined that

Matuscak stated a claim against Wilburn in its Opinion and Order dated June 21, 2023. (ECF No. 41). The court is not inclined to revisit this conclusion.

    2.    *Monell* claims

In the TAC, Matuscak alleges that proposed Defendants City of Linden and Argentine Township "acted deliberately indifferent to Plaintiff's constitutional rights by maintaining and enacting policies, practices and customs that condoned and fostered the individual Defendants' unlawful conduct." (ECF No. 44-1, PageID.375-76, ¶ 49). According to Defendants, Matuscak improperly attempts to assert liability against them merely based on a respondeat superior theory, which is not permitted under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). "A municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id*. In *Monell*, the Supreme Court held that municipalities are "persons" subject to suit under § 1983. However, such a claim may only be brought when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694. The Sixth Circuit has instructed that, to satisfy the requirements of *Monell*, a plaintiff "must identify the policy, connect the policy to

4

the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993) (internal citations and quotations omitted). There are four ways a plaintiff may prove the existence of a municipality's illegal policy or custom: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

Here it appears that Matuscak attempts to assert her *Monell* claims under the third and fourth theories:

> 50.  Specifically, the City of Linden and Argentine Twp. failed to:
>
> (a)  Adequately supervise and train its officers and agents, including the individual Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers;
>
> (b) Properly and adequately monitor and discipline its officers, including the individual Defendants; and,
>
> (c) Properly and adequately investigate citizen complaints of police misconduct regarding arrests conducted without probable cause.

5

> 51. Defendants Carlson and Wilburn did not face any discipline for their wrongful conduct because the City of Linden and Argentine Twp. do not care, i.e. the City of Linden and Argentine Twp. are deliberately indifferent to whether or not its officers violate the constitutional rights of its citizens. Such indifference constitutes a de facto policy, for *Monell* purposes, because it encourages officers to commit the constitutional violations committed herein.

(ECF No. 44-1, PageID.376).

These conclusory allegations, however, are not sufficient to state a *Monell* claim for failure-to-train. The Sixth Circuit has instructed that a plaintiff must prove three distinct facts to proceed on a § 1983 claim based on inadequate training: (1) that a training program is inadequate to the tasks that the officers must perform; (2) that the inadequacy is the result of the city's deliberate indifference; and (3) that the inadequacy is closely related to or actually caused the plaintiff's injury. *Alman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013). As explained in *Schenk as next friend to Ev M v. Thomas*, 2023 WL 5108594, at *4 (W.D. Tenn. Aug. 9, 2023), a *Monell* claim is inadequately pleaded where the plaintiffs allege no facts related to the municipal defendant's training or supervision of its officers; have provided no facts concerning what the defendant's training policies were, why they were inadequate, how the defendant was deliberately indifferent, or how any alleged failures in training or supervision

6

related to the plaintiff's injuries. *Id*. Indeed, a "[p]laintiff's use of phrases such as 'failure to train,' [and] 'failure to supervise' ... is meaningless without any factual allegations." *Mitchell v. City of Hamilton*, 2012 WL 701173, at *5 (S.D. Ohio Mar. 1, 2012) (quoting *Johnson v. Gannon*, 2010 WL 1658616, at *4 (M.D. Tenn. Apr. 23, 2010)). Matuscak's proposed TAC contains no factual allegations describing the municipal defendants' training programs, how they are inadequate, or how they caused her injuries. Accordingly, the proposed *Monell* failure to train claim is futile because it would not survive a motion to dismiss.

These allegations also fail to state a custom of tolerance claim. For purposes of *Monell* liability, a "custom" is a practice that "may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law," even though it is not formally approved. *Ford v. Cnty. of Grand Traverse*, 535 F.3d 483, 495-96 (6th Cir. 2008) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403-404 (1997)); *see also Doe*, 103 F.3d at 508 ("In short, a 'custom' is a 'legal institution' not memorialized by written law.") (citing *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993)). For a custom of tolerance claim to survive a motion to dismiss, a plaintiff must "demonstrate[ ] a pattern of inadequate investigation of similar claims...." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of*

7

*Chattanooga*, 398 F.3d 426, 433 (6th Cir. 2005)). Likewise, a "purported failure to discipline a single officer, as opposed to a systematic policy, cannot support a claim of municipal liability." *Sexton v. Kenton Cnty. Det. Ctr.*, 702 F.Supp.2d 784, 791 (E.D. Ky. 2010) (citation omitted). Matuscak's custom of tolerance claim is based on the actions of a single officer for each proposed municipal defendant and her proposed TAC is devoid of any factual allegations supporting any widespread unconstitutional customs. Thus, the proposed *Monell* custom of tolerance claim is futile because it would not survive a motion to dismiss.

### 3. Officer Carlson

Defendant Carlson only objects to the addition of Count III of the proposed TAC, which is a Fourth Amendment claim for pain and humiliation. Carlson objects to this claim because it is duplicative of the other claims asserted against him. Carlson points to *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 546 (6th Cir. 2003), in which the Sixth Circuit held that a § 1983 plaintiff can seek damages for pain, suffering, embarrassment, and humiliation. *See also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) (explaining that a § 1983 plaintiff can seek compensatory damages for "impairment of reputation ..., personal humiliation, and mental anguish and suffering" (quotation omitted)). Carlson argues that this claim is duplicative of the other Fourth Amendment claims that

Matuscak brings against him (Counts I, II, and IV).  The court agrees that Matuscak may seek damages for pain and humiliation against Carlson under Counts I, II, and IV and thus, Count III as brought against Carlson is duplicative.

## IV. CONCLUSION

For the reasons set forth above, the court **GRANTS** in part and **DENIES** in part Plaintiff's motion for leave to the amend the complaint.  Plaintiff may not bring Count V against the proposed municipal defendants or Count III against Carlson only.  The remaining amendments are permitted.  Plaintiff must file an amended complaint that comports with this order within 14 days of its entry.

**SO ORDERED**.

Date: November 20, 2023                    s/F. Kay Behm
                                           F. Kay Behm
                                           United States District Judge